UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ASBESTOS SETTLEMENT TRUST,
    Plaintiff-Appellant,
LEGAL REPRESENTATIVE AND TRUST
ADVISORY COMMITTEE,
    Intervening Plaintiff-Appellant,

vs.                                      Case No. 8:05-cv-726-T-17-MAP
                                             and 8:05-cv-728-T-17 consolidated

PRINCE GEORGE CENTER, INC.,
on behalf of itself and members of the Certified
Class of Federal Lessors,
    Defendant-Appellee.
_____/

## ORDER AFFIRMING BANKRUPTCY COURT'S DECISION IN FULL

These cases are before the Court on the Appellants' notice of appeal from the Amended Final Judgment of the bankruptcy court. (Doc. 3)[1] The Appellants filed a corrected Brief. (Doc. 49.) The Appellee PRINCE GEORGE CENTER, INC. filed a Brief. (Doc. 55.) The Appellants filed a Reply Brief. (Doc. 56.) The Appellants filed a "Memorandum in Support of Appellants Brief." (Doc. 57.) For the following reasons, this Court **AFFIRMS** the bankruptcy court's decision.

PROCEDURAL HISTORY

These proceedings began with a complaint filed by the Debtors in 1990. (BK Doc. 1.) Asbestos Settlement Trust (the Trust) later filed an action against the Defendant, Prince George Center, Inc. on behalf of itself and members of the certified class of federal lessors (the Federal Lessors) in Bankruptcy. On July 15, 2004, the Bankruptcy Court for the Middle District of

---

[1] Citations to the appeals record are indicated by "Doc." followed by the number of that document. Citations to the original bankruptcy record are indicated by "BK. Doc." followed by the number of that document

Florida in consolidated case number 90-10016-8G1 and 90-10017-8G1 entered an Amended Final Judgement for the Federal Lessors on Summary Judgement, finding that the Trust should pay the Federal Lessors the amount determined by the Plan Administrators. (Doc. 37 appendix 1.) The Appellants filed a Notice of Appeal on April 20, 2005. (Doc. 3.) An Order Staying the Proceedings was entered on June 6, 2005 awaiting the outcome of the 11th Circuit Court of Appeals case involving the same Debtors. (Doc. 19.) On July 11, 2007, an Order reopening these consolidated cases was entered. (Doc. 27.)

## FACTUAL BACKGROUND

The Celotex Corporation (Celotex) was engaged in the business of manufacturing, marketing, and distributing building materials. Carey Canada Inc. (Carey Canada) was engaged in the business of asbestos mining until it ceased operations in 1986. (BK Doc. 39.)

On October 12, 1990, Celotex and Carey Canada filed petitions under Chapter 11 of the Bankruptcy Code. (BK Doc. 1.) By the terms of the Plan, the Trust was established under 11 U.S.C. §524(g), a provision specifically designed for use in asbestos mass tort cases. The procedures of paying claims to Property Claims and Personal Injury Claims were established under the Third Amended and Restated Asbestos Property Damage Claims Resolution Procedures (APDCRP). (BK Doc. 39 at 3.)

The Federal Lessors filed a proof of claim in the Chapter 11 case on July 27, 1993. The claim was listed as "in excess of $5,000,000." (BK. Doc. 11.) The claim was for property damage liability.

The Federal Lessors submitted a "Category 3 Claims Proposal of Prince George Center, Inc., Claimant No. 527, Class Representative, on behalf of the National Federal Lessors Class"

on January 20, 1999. (BK. Doc. 39 at 2.)  A Category 3 Claim includes claims filed by a certified class action according to the APDCRP.  (BK Doc. 39 at 3.)

On January 9, 2002, the Property Damage Claims Administrator (PDCA) issued his determination regarding the Federal Lessors' Claim.  (BK Doc. 39 at 4.)  The PDCA's evaluation of Federal Lessor's claim was that it should be determined with Allowed Costs of $3,800,000, subject to the current Payment Percentage.  (BK Doc. 39 at 4.)  The PDCA's analysis included consideration of prior settlements that the Class reached with other asbestos defendants.  (BK Doc. 39 at 4.)

After entertaining a Request for Reconsideration of the claim by Federal Lessors, the Property Damage Claims Facility (PDCF) issued its Notice of Final Determination on June 4, 2002 determining the claim of $3,800,000 as originally determined by the PDCA.  (BK Doc. 39 at 5.)

On June 15, 2002, the Federal Lessors made a request to the PDCA for Binding Resolution of the Final Determination after Reconsideration of the class claim.  (BK Doc. 39 at 5.)  This request was arbitrated before Judge Joe Clayton.  The arbitration included submission of briefs and oral arguments.  (BK Doc. 39 at 5.)  On February 19, 2003, Judge Clayton issued his decision regarding Federal Lessors' claim, as quoted in Exhibit 14 to Motion for Summary Judgment:

> It is my opinion that paragraph three (3) means what it says, i.e. category three (3) *payments* must be reasonable [*sic*] related to the relevant history of the prior settlements reached by the claimant...
>
> The Arbitrator agrees that the PDCA considered the two settlement of US Gipson [sic] and W. R. Grace as proxies of the appropriate amounts of prior comparable settlements. The average of these two prior payments was 3.8 million dollars.

3

The PDCF then submitted the Federal Lessors' claim to the Trust for payment. (BK Doc. 13.) The Trust refused to pay the claim because in its view 1) the PDCA's actions violated the Plan documents and 2) the Arbitrator's ruling was flawed. (BK Doc. 39 at 7.) The Trust brought the dispute to the bankruptcy court to make a determination.

For a more detailed account of the fairly complex factual background, this Court adopts by reference, the background as put forth in the bankruptcy court's order on April 1, 2004. (BK Doc. 39.)

## STANDARD OF REVIEW

This Court has the jurisdiction to hear this appeal pursuant to 28 U.S.C. §158(a)(1) because the judgment is a final order that resolves all disputes between Federal Lessors and the Trust. The Court reviews the bankruptcy court's legal decisions *de novo*. *In re Sublett,* 895 F.2d 1381, 1383-84 (11th Cir. 1990). The Court applies the "clearly erroneous" standard to the factual findings of the bankruptcy court. *Id.* Since this is a summary judgment proceeding which involves no finding of fact, only the *de novo* standard is appropriate. *In re: Celotex Corporation; Asbestos Settlement Trust v. City of New York,* 487 F.3d 1320, 1328 (11th Cir. 2007); citing *In re Optical Techs., Inc.*, 246 F.3d 1332, 1335 (11th Cir. 2001).

## DISCUSSION

The Appellants present two issues for review by this Court: 1) Whether the PDCA abused his discretion by computing the allowed costs and 2) whether the Arbitrator's decision exceeded his power. These are essentially the same issues raised before the bankruptcy court. The Appellee presents additional analysis, but, as it is not material to the decision, it need not be discussed.

## ABUSE OF DISCRETION BY THE PDCA

The relative powers of the Administrator (PDCA) and the Trustees (Trust) are now well settled by *In re: Celotex Corporation; Asbestos Settlement Trust v. City of New York,* 487 F.3d 1320 (11th Cir. 2007). The general rule requires that where a person has the power to control the action of the trustee in certain respects, the trustee is under a duty to act in accordance with that power, unless the exercise of such power violates the terms of the trust or their fiduciary duty. *Celotex,* citing Restatement (Second) of Trusts § 185 (1959). The trustee can properly exercise only such powers as are conferred by the terms of the trust or are necessary or appropriate to carry out the purposes of the trust and are not forbidden by the terms of the trust. *Id.*

*Celotex* interpreted the APDCRP *de novo* and found that the Plan Documents assign power to the Administrator (PDCA). 487 F.3d 1320, 1329. The Trust assigns the PDCA virtually exclusive authority to implement the APDCRP and manage the processing and ultimate allowance or disallowance of property damage claims. *Id.* The Plan Documents grant the Trustees no authority to review or overrule the Administrator's determinations. *Id.* The Trustees ordinarily must pay claims as allowed by the PDCA whose determinations are binding on the Trust. *Id.*

It is undisputed that the Federal Lessors' Claim was considered in accordance with each step of the review process described by the APRCRP. Once a claim has been allowed, the decision "will be final and binding on both parties and may not be reopened." APRCRP § IV(E)(2). The claim is subject only to "the Payment Percentage applicable thereto." APRCRP § IV(A)(5). Accordingly, once a claim is allowed by the Administrator, and submitted to the Trustees, there is little for the Trustees to do beyond applying the payment percentage and paying the claim. *Celotex*, 487 F.3d 1320, 1330.

While Judge Glenn's opinion notes the path of Federal Lessors' claim is troubling, this opinion properly notes the PDCA's allowance of the Claim in the amount of $33,628,318.58 was a proper use of the APDCRP's procedures. (BK Doc. 39 at 8.) Certainly, to grant the Trust authority to overrule the Administrator's (PDCA's) decision goes too far. *Celotex,* 487 F.3d 1320, 1332.

The Trustees lack the authority to determine that the Administrator (PDCA) has in fact abused his discretion or to dictate an appropriate remedy. *Celotex, 487* F.3d 1320, 1337. The Trustee has only two remedies: 1) bring such issues to the Administrator's attention or 2) apply to the bankruptcy court for instructions. *Id.* As a fiduciary of all Claimants, the Trust must exhaust these remedies quickly to avoid undue delay. *Id.*

While the appellants claim the Administrator (PDCA) abused his discretion, the record is devoid of such abuse. Quite the contrary, the PDCA's function is to determine the amount of claims with due regard to the procedures of the APDCRP.

The bankruptcy court correctly found the PDCA's procedures within the scope of the APDCRP and proper.

## THE ARBITRATOR'S DECISION

The Appellants further argue the Arbitrator's decision exceeded his power. Doc. 49. The Appellants state that the arbitrator's decision was incorrect because: 1) the bankruptcy court erred in holding the decision could not be reviewed absent evidence of fraud or collusion, 2) the arbitrator exceeded the scope of power by determining the actual payment due 3) the arbitration decision is arbitrary and capricious,  and 4) the arbitration decision violates public policy. Doc. 49.

### Review of Arbitrator's Decision

The Appellants claim the Arbitrator's decision should be reviewed for more than fraud or collusion. This assertion merely requests this Court to consider the three remaining standards put forth by the Appellant, and of itself offers no evidence of fraud or collusion.

The bankruptcy court was correct in looking to the APDCRP for mechanisms for review. The real question, in the wake of *Celotex*, is whether the Appellee followed the procedures of the APDCRP. Adherence to procedure is undisputed. As noted in *Celotex,* nothing in Plan Documents grants the Trustees discretion to independently determine the validity of the property damage claims under the APDCRP.

The application of review for fraud and collusion is appropriate because as stated above, the Trust is not authorized to challenge the allowance of a claim. Further, the express purpose of the APDCRP is to economically resolve Claims.

Even if this Court applies a more liberal review of the Arbitrator's decision, the Arbitrator's decision is entitled at least as much deference as accorded to the Administrator's decisions. *Celotex*, 487 F.3d 1320. Given this standard, the analysis here is exactly the same as that applied by the Administrator (PDCA).

Where the only review of the Arbitral Decision is for fraud or collusion, and it is undisputed this did not occur, the Appellant's argument must be rejected.

## The Arbitrator's Power

Even if the Arbitrator's decision were reviewable for defects other than fraud or collusion, the Arbitrator did not exceed his authority. As previously noted and undisputed, the procedures in the APDCRP allow for binding, final dispute resolution.

The Appellants note that the Plan Documents should be taken in their totality. (Doc. 49.) This is true. The documents create separation of power between the parties. Since this is settled

7

by *Celotex* and previous discussion, no further analysis is necessary.

Therefore, Even if the Arbitral Decision was reviewable, the Arbitrator did not exceed his authority.

## The Nature of the Arbitration Decision

The Appellants claim the decision was arbitrary and capricious. (Doc. 49.) As stated in previous analysis, this claim fails because the Court should give at least as much deference to the Arbitrator as the Administrator. There is no indication that the Claim was anything other than in accord with procedure set forth in the APDCRP and other Plan Documents.

## Public Policy

The Appellants claim the Arbitration Decision is counter to public policy because it does not equally distribute assets and diminished the property of the estate.

Public policy is better served by holding parties accountable to the terms of their Plans. Further, the Trust owes a fiduciary duty to all who may collect, not just the Personal Injury Claimants, but also the Property Damage Claimants. Public policy is better served by quickly dealing with Claims.

## THE ORDER IN *CELOTEX*

The plain language of the decision in *Celotex*, which is binding on this Court, directs the Trust to pay all claims similar to the Claim in that case. 487 F.3d 1320, 1339. This is certainly a very similar property Claim. The Claim is so similar, in fact, this proceeding was stayed for more than two years awaiting the decision in *Celotex*. (Doc. 19.)  Therefore, on the face of *Celotex* alone, the bankruptcy court's holding may be upheld. Accordingly it is

**ORDERED** that the Amended Final Judgement entered by the Bankruptcy Court, for the Middle District of Florida, Tampa Division on July 15, 2004 is **AFFIRMED**.  The Clerk is directed to enter judgment for the appellees and to close this case.

**DONE and ORDERED**, in Tampa, Florida this 30th day of November 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

cc: All Parties and Counsel of Record